IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FELIX A. CRUET, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. A. No. 10-542-GMS |
| | ) |
| PERRY PHELPS, | ) |
| and ATTORNEY GENERAL OF THE | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM**

1. The court will provisionally grant petitioner Felix A. Cruet's motion to proceed *in forma pauperis* for the purpose of issuing the instant memorandum and accompanying order. (D.I. 1.)

2. Presently pending before the court is petitioner Felix A. Cruet's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 2.) This petition is Cruet's third habeas challenge to his 1981 conviction and sentence for first degree murder for the stabbing death of his infant son. (D.I. 1.) In 1984, the Honorable Walter K. Stapleton denied Cruet's first § 2254 petition on the merits. *See Cruet v. Redman*, Civ. A. No. 83-672-WKS, Mem. Op. (D. Del. Mar. 13, 1984). Then, in 2005, this court denied Cruet's second habeas challenge to the same conviction and sentence for being second or successive. *Cruet v. Carroll*, Civ. A. No. 05-758-GMS, Order ( D. Del. Mar. 20, 2005). The instant petition does not challenge conduct that occurred subsequent to the filing of his prior petitions. Therefore, the petition constitutes a second or successive petition for the purposes of § 2244.

The record is clear that Cruet has not obtained permission to file the instant petition from

the Court of Appeals for the Third Circuit. Accordingly, the court will dismiss the instant petition for lack of jurisdiction. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

3. The court will decline to issue a certificate of appealability because Cruet has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2008).

4. A separate order will be filed herewith. *See* Fed. R. Civ. P. 58(a)("every judgment must be set out in a separate document"); *Leboon v. Lancaster Jewish Community Center Ass'n*, 503 F.3d 217, 224 n.5 (3d Cir. 2007)(an order can satisfy Rule 58(a)'s separate document requirement even if not titled "judgment" so long as it is separate from the opinion, notes the relief granted, and substantially omits the court's reasons for disposing of the claims).

Sept 10, 2010
DATE

CHIEF UNITED STATES DISTRICT JUDGE